# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4261 | **DATE** | 9/3/2002 |
| **CASE TITLE** | RK Company vs. Harvard Scientific Corp | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   The Court recommends that Plaintiff's Motion for Sanctions be Denied, without prejudice (#132)..

(11) X [For further detail see order attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 05 2002 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| AC6 | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RK COMPANY,                      )
                                 )   **99cv4261**
            Plaintiff,           )
                                 )   Judge John A. Nordberg
        v.                       )
                                 )   Magistrate Judge
                                 )   Arlander Keys
                                 )   99c4261
                                 )
HARVARD SCIENTIFIC CORP,         )
d/b/a VIBRAGEN INC.; THOMAS      )
WAITE and DR. JACKIE R. SEE,     )
                                 )
            Defendants.          )

SEP 5 2002

TO:  THE HONORABLE JOHN A. NORDBERG
     UNITED STATES DISTRICT JUDGE


### REPORT AND RECOMMENDATION

Before the Court are Plaintiff's Emergency Motion for
Discovery and for Sanctions against Defendant Harvard Scientific
Corp., and Plaintiff's Motion for Sanctions against Harvard
Scientific and Daniel DeLiege, Eric Steinman and Hansford
Higginbotham, its officers.  Both Motions relate to Defendants'
failure to comply with the terms of a settlement agreement reached
by the parties during a settlement conference with this Court on
August 17, 2001.

The Complaint alleges that Defendants fraudulently induced
Plaintiff to invest in Defendants' start-up biopharmaceutical
company by misrepresenting and omitting information concerning its

product development, clinical trials, and financing agreements. In summary, the Complaint alleges that Defendants announced that they had developed a new drug for male erectile dysfunction that stood a good chance of being approved by the Food and Drug Administration ("FDA"). The Complaint alleges further that the information provided to the FDA regarding its scientific studies of the product was misrepresented, false and non-scientific, and that Defendants had no reasonable basis for believing that the product would gain FDA approval.

On August 17, 2001, an extensive settlement conference was held with the parties. At the beginning of the settlement conference, the Court was telephonically advised by Defendant Harvard Scientific's President, Daniel DeLiege, that Robert Clevenger, the Company's Chief Operating Officer, who had intended to represent the Company at the settlement conference, had abruptly resigned the prior evening and that, therefore, he would not be present. Mr. DeLiege stated that he had full authority to negotiate and to enter into a binding settlement agreement on behalf of the Company. Mr. DeLiege agreed to participate by telephone while his attorney would participate in person. Over the course of the day, Defendant Harvard Scientific's attorney made several telephone calls to Mr. DeLiege regarding various settlement proposals. After a settlement agreement was reached, all parties went into the courtroom and Mr. DeLiege was put on the speaker

phone.   The terms of the settlement agreement were stated on the record and all parties agreed.

Under the terms of the settlement agreement, Defendant Harvard Scientific would pay to Plaintiff an initial payment of $300,000 by November 17, 2001; $125,000 on or before December 31, 2001; and either 1,000,000 unrestricted, freely tradeable shares of Harvard Scientific's stock or $115,000 on or before January 24, 2002.   The parties were given 30 days within which to reduce the settlement agreement to writing and obtain the necessary signatures.   At the September 17, 2001 status hearing, the parties requested additional time within which to get the settlement documents executed and the matter was continued to October 12, 2001.

At the October 12, 2001 hearing, the Court was first informed that problems had arisen.   The parties were ordered to appear in chambers for another conference on October 30, 2001.   Thereafter, on November 5, 2001, counsel for the parties telephonically advised the Court that they were in agreement on the terms but that they needed more time to reduce the agreement to writing.   The parties were to telephonically advise the Court, on November 16, 2001, regarding the status of the settlement agreement.   However, on November 16, 2001, Plaintiff filed the instant Motion for Discovery and for Sanctions, asserting that Plaintiff's counsel had been notified by Defendant Harvard Scientific that it would be unable to make the scheduled initial $300,000 payment due under the

-3-

settlement agreement and that it expected to file for bankruptcy protection. Shortly thereafter, Defendant Harvard Scientific filed a petition in the bankruptcy court and its attorney filed a motion to withdraw as its attorney, which was granted by the district court on December 5, 2001.

On March 20, 2002, the district court entered an automatic stay as to Defendant Harvard Scientific until the bankruptcy case is discharged or the automatic stay is lifted. Because of this development, the Court recommends that the Motion for Sanctions against Defendant Harvard Scientific be denied without prejudice.

## DISCUSSION

Plaintiff contends that Defendants should be sanctioned because: 1) Harvard Scientific failed to have a company representative attend the August 17, 2001 settlement conference; 2) Defendants participated in settlement negotiations in bad faith, by failing to disclose that Harvard Scientific did not have the resources to fund the settlement; and 3) Defendants failed to produce relevant records, despite being ordered to do so. The Court will address Plaintiff's contentions without the benefit of argument from Defendants, who have not responded to Plaintiff's Motion.

The Court finds that Harvard Scientific's failure to have a corporate representative attend the August 17, 2001 settlement conference does not warrant sanctions. Harvard Scientific's

President, Mr. DeLiege, explained to the Court and Plaintiff that Mr. Clevenger, who was scheduled to attend the conference, had abruptly resigned on the evening of August 16, 2001, and would not be present. Mr. DeLiege, who was out of town at the time, participated in the conference via telephone. The Court finds that settlement negotiations were not hindered by Mr. DeLiege's telephonic participation, and Plaintiff has not even argued that it was prejudiced by Mr. DeLiege's failure to appear personally.

Next, the Court disagrees that Defendants intentionally "strung Plaintiff along" in settlement. In support of its argument to the contrary, Plaintiff notes that Defendants' ability to fund the settlement was contingent upon speculative financing that Defendants had not secured at the time of settlement negotiations. Plaintiff asserts that this fact, combined with certain press releases announcing that Harvard Scientific had obtained certain allegedly lucrative subsidiaries and the Defendants' failure to divulge the speculative nature of the required funding until the 11th hour, evidences the necessary bad faith to justify imposing sanctions.

Plaintiff neglects to mention that it was well aware of Harvard Scientific's precarious business situation during settlement negotiations. In fact, the parties structured the settlement agreement to allow for future payments because Mr. DeLiege readily admitted that Harvard Scientific did not have the

available cash on hand to make immediate payments.  Absent express representations that Harvard Scientific had secured sufficient capital to fund the settlement, it is not too surprising that Defendants' ability to fund the settlement was tied to its ability to weather the FDA-denial storm.  While Defendants may have been overly optimistic about Harvard Scientific's ability to obtain the necessary funding, the Court cannot find, on the record before it, that Defendants intentionally misled Plaintiff into believing that Harvard Scientific could fulfill its obligations under the settlement agreement.

Finally, Plaintiff contends that Defendants' failure to comply with this Court's discovery order is sanctionable.  Initially, the Court notes that the November 16, 2001 discovery order – which was drafted by Plaintiff's counsel immediately upon being informed that Harvard Scientific was seeking bankruptcy protection and was unopposed by Defendants -- was not the product of a contentious discovery dispute.  Nevertheless, Defendants' attempted compliance with this Order certainly appears to be deficient.  However, because this case has been stayed during the pendency of the bankruptcy action, it would be inappropriate to direct Defendants to produce the documents Plaintiff seeks at this time, or to determine whether Defendants' conduct was so egregious as to warrant sanctions.

## CONCLUSION

The Court finds that Plaintiff has failed to demonstrate that Defendants participated in settlement negotiations in bad faith. Although Defendants' document production was incomplete and contrary to this Court's November 16, 2001 Minute Order, the Court is of the opinion that sanctions would be inappropriate at this time. Therefore, the Court recommends that Plaintiffs' Motion for Sanctions be Denied, without prejudice.

DATED: September 3, 2002     RESPECTFULLY SUBMITTED:

_____
ARLANDER KEYS
United States Magistrate Judge

Counsel have ten days from the date of service to file objections to this Report and Recommendation with the Honorable John A. Nordberg. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Egert v. Connecticut Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).