**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RK COMPANY, | ) | |
|     Plaintiff, | ) | No. 99 C 4261 |
|   v. | ) | |
| HARVARD SCIENTIFIC CORP., d/b/a | ) | Magistrate Judge Arlander Keys |
| VIBRAGEN INC., THOMAS WAITE, | ) | (by consent) |
| and DR. JACKIE R. SEE, | ) | |
|     Defendants. | ) | |
| _____ | ) | |
| | ) | |
| DR. JACKIE R. SEE, | ) | |
|     Third-Party Plaintiff, | ) | |
|   v. | ) | |
| BARBARA BERRY, | ) | |
|     Third-Party Defendant. | ) | |
| _____ | ) | |

## DEFENDANT DR. JACKIE R. SEE'S RENEWED MOTION FOR JUDGMENT

**Defendant, Dr. Jackie R. See** ("See"), by his attorney, Randall L. Hite, Esq., moves before this Court for an order under FRCP 52(c) for Judgment in favor of Defendant Dr. Jackie R. See and against the claims of RK Company, which is a renewal of the motion made during the trial of this matter.

In support of this motion, See states as follows:

1. The parties to this action consented to trial before this Court on July 19, 2005.

2. This matter was tried before the Court commencing on December 4, 2006. During the trial, See moved for Judgment pursuant to FRCP 52(c) on the grounds that Plaintiff RK Company, an Illinois Corporation was not a proper party to this action, as the investment had been made by "RK Company, a Common Law Trust" and further, as testified to by Robert Krilich, Sr., was just a "dba" for him personally.

1

3. The party which invested in Defendant Harvard Scientific Corp. ("HSC) is not the party as alleged in the complaint. All relevant pleadings in this action reference RK Company as a corporation formed under the laws of the State of Illinois and authorized to conduct business in the state.

4. At the time of trial, Plaintiff's proffered no contrary evidence that the named Plaintiff, RK Company, alleged in the operative complaint and throughout the pleadings in this action, to be an Illinois domestic corporation, was the party which invested in HSC. Rather, the uncontroverted evidence established that RK Company is either a "common law trust" or simply a fictitious business name for Robert Krilich, Sr, an individual, but it is not the <u>separate legal entity</u> of RK Company, and Illinois corporation, who is the named Plaintiff in this action. The Court is requested to take Judicial Notice of the pleadings filed in this action reciting that RK Company is an Illinois Corporation.

5. When Plaintiff originally moved this Court for an order under Rule 52(c), Defendants objected contending that capacity to sue had not been timely raised. As discussed below, no time limit exists in which to raise the capacity of a party to sue or maintain an action and Defendant made a timely motion under Rule 52(c) which is hereby renewed.

6. A search of the Illinois Secretary of State's Website under the terms "RK" and "RK Company" returns only "RK Company" and "The RK Company, I" The latter is clearly affiliated with Robert Krilich Sr., as his wife is listed as the President of the Company, the business address is the same address utilized by Krilich, and the Agent for Service of Process is Kim M. Plecner, who as testified to during the trial is in the employ of one or more Krilich controlled entities. On the other hand, "RK Company" lists Mary Ellen Knicke of Wyoming Ohio as being that corporation's President, and its agent's name is Edward E. Reda, Jr. (See Exhibit "A"). The RK Company, an Illinois Corporation was formed on **November 5, 1998**, as reflected in the attached Certification of Good Standing from the Illinois Secretary of State. This date is extremely significant,

as the investments made which are the subject of this action were made on June 29, 1998 and July 3, 1998, *more than 4 months before RK Company, an Illinois corporation was even incorporated.* (Exhibit "B")

## THIS MOTION FOR JUDGMENT IS TIMELY

7. A motion for judgment against a claim or defense may be made any time after a party has been fully heard on the issue and the court "can appropriately make a dispositive finding of fact on the evidence." [FRCP Rule 52(c), Adv. Comm. Notes]

8. A defense motion for judgment is usually made after plaintiffs complete their case-in-chief. See, e.g., *Southern Travel Club, Inc. v. Carnival Air Lines, Inc.* (5th Cir. 1993) 986 F.2d 125, 127. It can also be made after plaintiff's rebuttal evidence and before the matter is submitted by all parties. *Granite State Ins. Co. v. Smart Modular Technologies, Inc.* (9th Cir. 1996) 76 F.3d 1023, 1030-1031 (trial court properly granted defense motion after requiring plaintiff to present rebuttal evidence through offer of proof.)

9. Ordinarily, Rule 52(c) motions are not made until Plaintiffs have completed presentation of their evidence. However, when it is "manifestly clear" that Plaintiffs will not prove their claims, granting a Rule 52(c) motion at an earlier time is permissible. *Stone v. Millstein* (9th Cir. 1986) 804 F.2d 1434, 1437(court properly granted motion for involuntary dismissal under former Rule 41(b) after plaintiff's opening statement).

10. In the instant case, counsel for See, upon ascertaining, based upon evidence proffered during the prior day's trial testimony, that the wrong party had brought suit, the following morning immediately made this motion before the Court before resumption of the trial. See's counsel proffered records from the Illinois Secretary of State at that time in support of the motion. This motion would be entirely dispositive of this action, as the filing of an action by an incorrect party does not toll the limitation of actions period, and under any alleged theory, the limitations period has expired. Neither could this error be

cured by amendment, as it is not merely a correction of a party, but is an entirely new party.

11. Although a party must have an opportunity to be heard before the court enters judgment on partial findings under Rule 52(c), there is no requirement that the court receive live testimony. Indeed, an offer of proof is an appropriate means for the court to receive and consider a party's proffered evidence. *Granite State Ins. Co. v. Smart Modular Technologies, Inc., supra,* 76 F.3d at 1030-1031 (court's request for offer of proof regarding plaintiff's rebuttal evidence to defendant's affirmative defenses provided sufficient opportunity to be heard.)

12. Rule 52(c) does not require any particular form of motion. An oral motion is sufficient. A motion for judgment usually is made orally and without prior notice to the party against whom it is directed.

## **THE NAMED PLAINTIFF LACKS STANDING TO SUE**

13. The purported entity which invested in HSC is "The RK Company, a Common Law Trust Organization." (See Exhibit 17 and R.T.: 226:6-229:22). What this "beast" is will be discussed further below, as it was never taught as general subject matter in either law school, or as part of a conventional economics, business or accounting education.

14. Standing is a critically important jurisdictional limitation. It is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555, 560, 112 S.Ct. 2130, 2136.

15. As such, *it is not subject to waiver*; like subject matter jurisdiction, standing must be considered by federal courts even if the parties fail to raise it. *United States v. Hays* (1995) 515 U.S. 737, 742, 115 S.Ct. 2431, 2435.

16. Standing does not refer simply to a party's capacity to appear in court. Rather, standing is gauged by the specific common law, statutory or constitutional claims that a party presents; i.e., "whether the particular plaintiff is entitled to an adjudication of the

particular claims asserted." *Allen v. Wright* (1984) 468 U.S. 737, 752, 104 S.Ct. 3315, 3325.

17. The doctrine of standing is comprised both of constitutional or "Article III" requirements and of "prudential considerations." *Gladstone Realtors v. Village of Bellwood* (1979) 441 U.S. 91, 99, 99 S.Ct. 1601, 1607; *LaDuke v. Nelson* (9th Cir. 1985) 762 F.2d 1318, 1323. Standing generally requires a showing that plaintiff has suffered actual loss, damage or injury, or is threatened with impairment of his or her own interests. This tends to assure that plaintiff has a sufficient stake in the outcome of the suit to make it a real "case or controversy." *Id*.

18. The "injury in fact" requirement must involve "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555, 559-560, 112 S.Ct. 2130, 2136; *Whitmore v. Arkansas* (1990) 495 U.S. 149, 158, 110 S.Ct. 1717, 1724-1725.

19. Ordinarily, plaintiff cannot maintain a federal civil action to redress injuries to others, or to assert the rights of third persons. *Tileston v. Ullman* (1943) 318 U.S. 44, 46, 63 S.Ct. 493, 494

20. In addition to the immutable requirements of Article III, federal courts have adopted a set of prudential principles that bear on the question of standing, including the following:   Plaintiff's claim must fall within the "zone of interests" sought to be protected or regulated by the statute or constitutional guarantee in question; The claim must be for <u>*injury to plaintiff's own legal rights and interests*</u>, rather than the legal rights or interests of third parties (see, e.g., *Elk Grove Unified School Dist. v. Newdow* (2004) 542 U.S. 1, 14, 124 S.Ct. 2301, 2310--father lacked prudential standing to challenge school policy requiring daughter to recite pledge of allegiance).

21. In the instant case, the proper party Plaintiff would have been the <u>Trustee</u> of the RK Company, a common law trust. In actions involving a trust, the trustee is a necessary and indispensable party. *Bowles v. Reade* (9th Cir. 1999) 198 F.3d 752, 761.

22. There is no waiver of failure to join an indispensable party under FRCP Rule 19. That defect may be asserted by post-answer motion under FRCP Rule 21, or by motion for judgment on the pleadings, or even raised for the first time at trial on the merits. FRCP Rule 12(h)(2) Nonjoinder of an indispensable party may even be raised for the first time on appeal, and may also be raised by the appellate court sua sponte. *UOP v. United States* (9th Cir. 1996) 99 F.3d 344, 347.
trial:

23. Three defenses are preserved even if not raised until trial:

· Failure to state a claim for relief under Rule 12(b)(6). [FRCP Rule 12(h)(2); *Brown v. Trustees of Boston Univ.* (1st Cir. 1989) 891 F.2d 337, 357]

· Failure to state a legal defense to a claim under Rule 12(f). [FRCP Rule > 12(h)(2); *Dysart v. Remington Rand, Inc.* (DC CT Rule 1939) 31 F.Supp. 296, 297]

· Failure to join an "indispensable" party under Rule 19. [FRCP Rule 12(h)(2)]

24. If RK Company, an Illinois Corporation, did not make an investment in HSC, then there has been a failure to state a claim for relief. If the proper party Plaintiff is a common law trust, then the action should have been brought by the Trustee on behalf of the trust, which simply did not occur. This is further an issue of *capacity* to sue. In addition to being the real party in interest, plaintiff must have capacity to sue. [FRCP Rule 17(b)] "Capacity" refers to a party's personal right to litigate in a federal court.

Issues of capacity are determined by the law of the individual's domicile. [FRCP Rule 17(b); *Esposito v. United States* (10th Cir. 2004) 368 F.3d 1271, 1273] he rules regarding party capacity are designed to assure that whatever judgment is rendered will be binding on the parties involved, and thus effectively resolve the litigation.

25. Raising these issues for the first time at trial, and again renewing this motion is not only proper, but timely. These defenses may be asserted by any party, or by the court sua sponte. *Provident Tradesmens Bank & Trust Co. v. Patterson* (1968) 390 U.S. 102, 110, 88 S.Ct. 733, 738.

26. These defects can be raised by answer or preanswer motion to dismiss; or later, by motion for judgment on the pleadings. They can also be asserted for the first time at trial. FRCP Rule 12(h)(2). Rule 12(h)(2) preserves these defenses only through trial on the merits. Thus, the defenses of failure to state a claim and failure to state a legal defense to a claim cannot be raised for the first time by post-trial motion or appeal. *Kontrick v. Ryan* (2004) 540 U.S. 443, 459, 124 S.Ct. 906, 918; *Eberhardt v. Integrated Design & Const., Inc.* (4th Cir. 1999) 167 F.3d 861, 870-871. This renewed motion for judgment is not a post-trial motion as judgment has not yet been entered.

### A COMMON LAW TRUST IS A SEPARATE LEGAL ENTITY

27. The "common law trust" organization is know by a variety of names, including: Massachusetts Trust, Common Law Trust, Irrevocable Trust, Constitutional Trust, Pure Trust, Complex Trust, Family Trust, Holding Trust, Asset Preservation Trust, Common Law Business Trust and a litany of similar names. *Black's Law Dictionary* 6ed. lists more than 80 different and distinct types of trusts that are legally recognized and

acknowledged. In this country, the common law trust arises under the Constitutional Right of Contract, rather that by statute as with more traditional trusts.

In good measure, the common law trust has all the appearances of being an asset protection/tax avoidance devise. On the internet, many companies offer to form these "common law" trusts and tout avoid paying taxes, since the IRS <u>does not, cannot and will not</u> issue a Employer Identification Number ("EIN") to such a trust, and it purportedly has no income reporting or tax return filing requirements. This explains why on the subscription documents when RK Company made its two investments in HSC it did not list a EIN, in the space provided for in the subscription agreement, *as it did not have one, and could not have one* as the entity which made the investment was a common law trust. The investment letters between HSC and RK contains a specific representation that: "If no social security number of employer identification number is not set forth below, we *<u>represent that we don not have any on [sic] and are not required to have one.</u>*" [Emphasis added.] (Exhibits 13 and 14, page 4, ¶ 7.) The absence of an EIN conclusively establishes that RK is not a corporation or statutory entity, which must have an EIN to operate and conduct business, but rather is a creature of common law.

As described at http://www.freedomradio.us/documents/html/rulings.htm:

> "Article 1, Section 10 of the U.S. Constitution states in part, "no State shall pass any law impairing the obligations of contracts." Accordingly, since the Trust indenture is a contract between the Exchanger and the Creator and Trustee, this indenture controls and no one has the legal authority to violate its provisions. Also, no one can change the Trust indenture except those so authorized by the indenture. A Pure Equity Irrevocable Trust is not an abusive Trust because the Courts have said that it is a perfectly legal and constitutional entity. The Courts take a dim view of anyone or any bureaucracy that violates a Trust's Constitutional and/or Civil Rights, no matter under what guise, including the

attempt to abrogate its rights by passing and then attempting to enforce rules, statutes or so-called laws that violate the Constitution."

*Wikipedia*, the renowed internet encyclopedia describes the common law business trust as follows:

> "The Business Trust made its debut in Massachusetts in 1827. As a result, a U.S. Business Trust today is often called a "Massachusetts Trust" in legal circles. The U.S. Supreme Court defined the Massachusetts Trust as a form of business organization, common in Massachusetts consisting essentially of an arrangement whereby property is conveyed to trustees: in accordance with terms of the Trust. The business is to be held and managed for the benefit of persons who hold transferable certificates issued by the trustees showing the shares into which the beneficial interest in the property is divided.
>
> This method of transacting business in commercial enterprises originated in Massachusetts as a result of negative laws prohibiting the development of real estate without a special act of the legislature or in other words, without "permission" of the State . So, the Business Trust was created under Common-law right to contract to obtain legislatively constructed business organizations advantages but without having to gain "permission" to enter into a business activity and suffer under the burdens and restrictions that are placed on "statutorily constructed organizations"."

There appears to be little doubt that a common law trust or common law business trust, which is the manner in which RK Company identifies itself, outside of the pleadings in this action, is in fact a separate and distinct legal entity, which is not a party to this action.

Neither is "The RK Company, I" of which Barbara Krilich is its President, a party to this action, nor did it make any investment in HSC, as it was not formed until <u>after</u> the HSC investment was made.  As an aside, at the time of trial, "The RK Company, I" was not in good standing and could not have prosecuted this action.  Assuming the investment was made by "The RK Company, I" it did not file suit and the limitations period in which to commence an action has expired.

Appended hereto as Exhibit "C" and made a part hereof is an abstract authored by Robert H. Sitkoff, Professor of Law at New York University.  Of note is his comment

9

that: "Because a common law trust is not a juridical entity, <u>it must sue, be sued, and transact over property in the name of the trustee in the trustee's capacity as such</u>. By contrast, a statutory trust is created by making a filing with a a public official, typically the Secretary of State. Like a corporation, a statutory trust is deemed a juridical entity, separate from its trustees and beneficial owners, that has capacity to sue, be sued, and transact over property in its own name." [Emphasis added.]

In the instant case, for RK Company as a common law trust organization to have invested in HSC, it would have had to make the investment through its trustee, and to maintain suit in the trustee's name for the benefit of the trust, none of which occurred.

**WHEREFORE,** Defendant Dr. Jackie R. See, M.D., respectfully requests that this Honorable Court grant his Motion for Judgment pursuant to Rule 52(c) as the Plaintiff in this action has no claim against him as it was not the entity which invested in HSC and no party Plaintiff has a claim for relief against him, or has stated a claim for relief.

Dated: January 16, 2007

Respectfully submitted,
RANDALL L. HITE & ASSOCIATES

/s/ *Randall L. Hite*

Randall L. Hite
Attorneys for Dr. Jackie R. See

Randall L. Hite (# 90785747)
RANDALL L. HITE & ASSOCIATES
*Hite Building*
1119 N. Bush Street
Santa Ana, CA 92701
Tele: (714) 973-1000
Fax: (714) 558-6893

Steven E Glink (ARDC# 6180869)
3338 Commercial Ave.
Northbrook, IL 60062
Tele: (847) 480-7749

# CERTIFICATE OF SERVICE-ELECTRONIC FILING

I, Randall L. Hite, an attorney who is a member of the bar of this Court, certifies that I caused true and correct copies of the foregoing pleading to be served on the below named counsel of record by electronic filing via the U.S. District Court CM/ECF E-Filing System on January 22, 2006.

**For Plaintiff RK Company:**

Richard S. Porter, Esq.
Matthew F. Logan, Esq.
Hinshaw & Culbertson
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1289


/s/ Randall L. Hite