

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RK COMPANY,  )
    Plaintiff,  )
              )
vs.  )  No. 99 C 4261
              )
HARVARD SCIENTIFIC CORP.  )
d/b/a VIBRAGEN, INC.;  )
THOMAS WAITE; and  )
DR. JACKIE R. SEE  )  Magistrate Judge Arlander Keys
              )
    Defendants.  )

## MEMORANDUM OPINION AND ORDER

In 1998, Plaintiff RK Company invested $500,000 in the now-bankrupt Harvard Scientific Corporation. ("Harvard"). On June 25, 1999, Plaintiff filed suit against Harvard and some of its executives, claiming that the Defendants knowingly made false statements and material omissions, which induced Plaintiff to purchase shares of Harvard's stock. During the course of this litigation, default judgments[1] were entered against Harvard and former-Harvard officer Thomas Waite, leaving Dr. Jackie See as the only remaining Defendant.

Plaintiff claimed that Dr. See, as an executive board member, control person, and sometime Chairman of the Board at Harvard, violated the Securities and Exchange Act ("SEA"), 15 U.S.C. §§ 78j(b), 78r, and 78t (West 2007); the Illinois

---

[1] Bankruptcy filings suggest that these judgments are uncollectible.

Securities Act, 815 ILCS 5/12 and 5/131; the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (West 2007); and committed common law fraud.

Following a three-day bench trial, the parties submitted written closing arguments as well as competing proposed findings of fact and conclusions of law to this Court. On March 23, 2007, the Court issued its Findings of Fact and Conclusions of Law, granting judgment in favor of RK, and against Dr. See, on all counts, and awarding Plaintiff $500,000 in damages, plus costs, interest, and reasonable attorneys fees.

Currently before the Court are three post-judgment motions: 1) Plaintiff's Motion for Additional Findings of Fact and to Amend Judgment; 2) Plaintiff's Motion for Prove-Up of Judgment; and 3) Plaintiff's Motion for Prove-Up of Attorneys Fees. The Court will discuss each of the Motions is turn.

## I. Plaintiff's Motion for Additional Findings of Fact and to Amend Judgment.

Plaintiff filed this Motion pursuant to Federal Rule of Civil Procedure 52(b), or, alternatively, pursuant to Federal Rule of Civil Procedure 59(e), seeking an amendment of the judgment, to address Plaintiff's entitlement to punitive damages. Plaintiff notes that the Court's lengthy Memorandum Opinion and Order does not address Plaintiff's request for punitive damages, as set forth in its First Amended Complaint. Defendant counters that, because Plaintiff failed to include a request for punitive

2

damages as an issue for trial in the Final Pretrial Order, Plaintiff cannot not now attempt to proffer evidence in support of such an award.

The Court agrees. The pretrial order is the controlling document for trial. *Rockwell Intern. Corp. v. U.S.*, 127 S. Ct. 1397, 1409 (U.S. 2007) (noting that a final pretrial order supercedes all prior pleadings and "controlled the subsequent course of the action" and citing *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002)). "The pretrial order is treated as superceding the pleadings and establishes the issues to be considered at trial." *Gorlikowski v. Tolbert,* 52 F.3d 1439, 1444 (7th Cir. 1995). "As such, claims, issues, defenses, or other theories of damages, not included in the pretrial order are waived even if they appear in the complaint." *Wilson,* 303 F.3d at 1215 (as cited by the Supreme Court in *Rockwell Intern. Corp.,* 127 S. Ct. at 1409); *see also Petit v. City of Chicago,* 239 F. Supp.2d 761, 771 (N.D. Ill. 2002) ("Evidence or theories not raised in the pretrial order are properly excluded at trial.")

In the instant case, the final pretrial order makes no mention of punitive damages. While Plaintiff notes that the final pretrial order expressly states that neither party has waived any claims or defenses, Rule 16(e) clearly provides that the final pretrial order shall control the subsequent issues to be decided at trial. Fed. R. Civ. P. 16(e). Plaintiff has

3

produced no authority in support of its position that its "no waiver of claims or defenses" statement is sufficient to preserve its entitlement to seek punitive damages, despite the fact that the final pretrial order does not request such damages, and the fact that the issue of punitive damages was never raised at trial or in closing arguments.

Rule 52(e) motions are intended to correct manifest errors of law or fact, or to present newly discovered evidence. *McSteel Intern. USA Corp. v. Superior Products Co., Inc.*, 2002 WL 1067248, at *1 (N.D. Ill. May 28, 2002). Similarly, Rule 59(e) allows parties to move to alter or amend judgment to correct manifest errors of law or fact. *Russell v. Delco Remy Div. Of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). However, "[t]he rule . . . does not allow a party to introduce new evidence or advance arguments *that could and should have been presented to the district court prior to the judgment.*" *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (emphasis added). Plaintiff is not seeking to correct a manifest error of law or fact, nor to present newly discovered evidence. Instead, Plaintiff is seeking to obtain damages that it should have requested in the final pretrial order; its failure to do so does not warrant altering or amending the judgment.

## II. Plaintiff's Motion for Prove-Up of Damages.

In this Motion, Plaintiff notes that, in the Court's Memorandum Opinion and Order, the Court awarded Plaintiff $500,000 in compensatory damages, plus costs, interest, and reasonable attorneys' fees. As such, Plaintiff argues, the Plaintiff is entitled to collect prejudgment interest. Plaintiff correctly notes that both federal and state law permit an award of prejudgment interest in this case. *See Gorenstein Enterprises, Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431 (7th Cir. 1989) (noting that prejudgment interest is presumptively available to victims of federal law violations); *See also* 815 ILCS 5/13 (prejudgment interest is available for sales violating Illinois Securities Law at a rate of 10% per annum).

In response, Defendant argues that Plaintiff waived its purported entitlement to prejudgment interest by failing to request prejudgment interest at trial, and by failing to include such a claim in the final pretrial order. As such, Defendant argues, the only proper interpretation of the Memorandum Opinion and Order's reference to an award of interest must be construed as entitlement to post-judgment interest only.

The Court located a number of decisions outside of this Circuit supporting Defendant's argument that Plaintiff's failure to request prejudgment interest in the final pretrial order renders entitlement to such an award waived. *See, e.g., Lindy*

5

*Investments, LP v. Shakertown Corp.*, 209 F.3d 802, 804 (5th Cir. 2000) (a party's argument that it is entitled to prejudgment interest must be included in the pretrial order, or else the claim is deemed waived); *Christ v. Beneficial Corp*, 2006 WL 2385028, at *4-5 (M.D. Fla. Aug. 17, 2006) (finding that a plaintiff's failure to request prejudgment interest in the final pretrial order prevents the plaintiff from recovering such damages); *Innovations, Designs & Interiors, Inc. V. Southern Guaranty Ins. Co.*, 2002 WL 1611498, at *1 (N.D. Miss. June 13, 2002)(noting that the pretrial order supersedes all pleadings and encompasses a plaintiff's full range of possible damages); *Centennial Management Servs., Inc. v. Axa Re Vie*, 196 F.R.D. 603, 607 n. 6 (D. Kan. 2000) (noting that the plaintiff's failure to include a request for prejudgment interest in the pretrial order is a basis for denying such an award); *Garcia v. Burlington Northern R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) (a plaintiff's request for prejudgment interest must be a part of the primary damage relief sought.)

The authority in this Circuit, however, has held that the failure to request prejudgment interest in the final pretrial order does not result in waiver. In *Williamson v. Handy Button Machine Co.*, 817 F.2d 1290, 1297 (7th Cir. 1987), the Seventh Circuit stated that "prejudgment interest is a part of full compensation . . necessary to carry out the federal policies of

compensation and deterrence." The *Williamson* Court was not impressed by the defendant's claim that prejudgment interest was not available to plaintiff, because the plaintiff did not ask for prejudgment interest until after the verdict had been returned. *Id.* at 1298. The Court explained that Fed. R. Civ. P. 54(c) provides that "every final judgment shall grant the relief to which a party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." As such, the plaintiff's failure to request the relief was irrelevant. *Id. See also McKnight v. General Motors Corp.*, 973 F.2d 1366, 1372-73 (7th Cir. 1992) (noting that prejudgment interest should be presumptively available to victims of federal law violations, but waiting to ask for it upon remand of an appeal is too long.); *Brooms v. Regal Tube Co.*, 881 F.2d 412, 424 n. 9 (7th Cir. 1989) *rev'd on other grounds* (noting that "at a minimum, a party must request the interest in a post-trial motion.").

The Court notes that the decision in *Fleming v. Kane County*, 686 F. Supp. 1264, 1270-72 (N.D. Ill. 1988) (distinguishing *Williamson* on grounds that the decision did not address the district court rules regarding final pretrial orders) supports Defendant's position, but this district court decision is not authoritative, particularly in light of the above-mentioned Seventh Circuit precedent, which has not been overruled. Because

existing Seventh Circuit precedent holds that the failure to request prejudgment interest in the final pretrial order does not result in waiver, the Court grants Plaintiff's Motion for Prove-Up of Judgment, and awards Plaintiff prejudgment interest totalling[2] $371,903.53.

### III. Plaintiff's Motion to Prove-Up Attorneys' Fees

Plaintiff's Motion requests that the Court order Dr. See to pay Plaintiff attorneys' fees in the amount of $634,539.12, plus additional fees incurred by the Plaintiff from June 20, 2007 through the date this decision is issued. Plaintiff notes that, pursuant to Local Rule 54.3, Plaintiff attempted to confer with Dr. See about an appropriate amount of fees and sums that should be awarded. Despite Plaintiff's documented efforts to do so, however, Dr. See has failed to comply with Local Rule 54.3. Dr.

---

[2]Typically, the rate at which prejudgment interest is calculated is based upon the prime rate. *First Nat'l Bank of Chicago v Standard Bank and Trust,,* 172 F.3d 472, 480 (7th Cir. 1999). Plaintiff notes that it also prevailed under Illinois law, 815 ILCS 5/13(A)(1), which calculates the rate of prejudgment interest at 10% per annum, unless another rate is stipulated. With almost no input from the parties on the issue, this Court concludes that federal law should apply when "a judgment is based on violations of both federal and state law," *Kuper v. Empire Blue Cross and Blue Shield,* 2003 WL 23350111,at *3(S.D.N.Y. Dec. 18, 2003), and that this Court should apply interest at the prime rate. *First Nat'l Bank,* 172 F.3d at 480. This Court calculates the average prime rate for the relevant period as averaging 8.25% for 6 months in 1998, 7.98% for 1999, 9.19% for 2000, 7.13% for 2001, 4.71% for 2002, 4.13% for 2003, 4.29% for 2004, 6.10% for 2005, 7.94% for 2006, and 8.25% for almost three months in March of 2007.

8

See has failed to provide any documentation showing the attorneys' fees that he has incurred in this litigation; he has failed to raise any specific objections regarding the individual time entries of attorneys' fees; and he has failed to identify categories of fees that are or should be deemed unrecoverable.

Dr. See does argue that much of the attorney time billed by Plaintiff's counsel was duplicative and unnecessary, but he fails to identify the specific entries with which he takes issue. *See Greviskes v. Universities Research Association, Inc.*, 342 F. Supp.2d 763 (N.D. Ill. 2004) (granting the requested fees where the opposing party failed to comply with Local Rule 54.3, and failed to identify a single, inappropriate time entry). In addition, Dr. See argues that Plaintiff's reward request far exceeds his damages award of $500,000. However, Dr. See's argument ignores the fact that this lawsuit was filed over seven years ago, revolved around complex securities fraud issues, and required Plaintiff to parse through thousands of documents and filings. *Kempner Mobile Electronics, Inc. v. Southwestern Bell Mobile Systems, LLC.*, 2005 WL 948790, at*5 (N.D. Ill. Apr. 19, 2005)(damages award does not set a ceiling on a fee award).

And while Plaintiff's counsel expended numerous hours pursuing Harvard and Mr. Waite, courts frequently hold co-defendants jointly and severally liable for attorneys' fees. *See, e.g., Carhart v. Stenberg*, 192 F.3d 1142, 1152 (8th Cir.

1999). Finally, the Court finds no authority to support Dr. See's claim that much of the requested fees should be disallowed, because the billing statements were issued to Mr. Kim Plencner or Royce Realty and Management. The Record in this case makes clear that Mr. Plencner was an employee of RK Company, and the invoices clearly disclose that Plaintiff's counsel was billing for the matter at hand.

The Court has reviewed the extensive billing documentation submitted by Plaintiff's counsel, and has not found any of the entries or requests to be obviously impermissible. Absent specific objections from Dr. See, the Court awards Plaintiff the requested attorneys fees in the amount of $634,539.12.

## Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Additional Findings of Fact and to Amend Judgment; GRANTS Plaintiff's Motion for Prove-Up of Judgment, and GRANTS Plaintiff's Motion for Prove-Up of Attorneys Fees.

DATED: Nov. 16, 2007    ENTERED:

*Arlander Keys*
ARLANDER KEYS